Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

**IN THE CIRCUIT COURT FOR PHELPS COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JOSEPH WINE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RICHARD COMER,**<br>**Serve: 610 Rinehart Road**<br>**Lake Mary, FL 32746**<br><br>**and**<br><br>**CRETE CARRIER CORPORATION,**<br>**Serve: Registered Agent**<br>**National Registered Agents, Inc.**<br>**120 South Central Avenue**<br>**Clayton, MO 63105**<br><br>**Defendants.** | ) | **Civil Action No. ____________________**<br><br>**JURY TRIAL DEMANDED,** |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Joseph Wine, by and through his counsel, and for his Petition for Damages against Defendants Richard Comer and Crete Carrier Corporation, states, alleges, and avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Joseph Wine is a natural person, resident, and citizen of Tunnelton, Preston County, West Virginia.

2. Defendant Richard Comer (hereinafter "Comer") is a natural person, resident and citizen of Lake Mary, Seminole County Florida. Defendant Comer may be served with process at 610 Rinehart Road, Lake Mary, Florida 32746.

3. Pursuant to R.S.Mo. §506.210, Defendant Comer's use and operation of a motor

EXHIBIT 1

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

vehicle or trailer on the public highways of the State of Missouri is deemed as an agreement to be subject to the jurisdiction of the courts of this State in all civil actions and proceedings brought against him.  Further, pursuant to R.S.Mo. § 506.500 and Mo. R. Civ. P. 54.06, Defendant Comer is subject to personal jurisdiction in that he transacts business within the State of Missouri and committed tortious acts within the State of Missouri, resulting in injuries to Plaintiff.

4.      Defendant Crete Carrier Corporation (hereinafter "Crete") is a Nebraska corporation registered to do business in the State of Missouri, with its principal place of business in Lincoln, Nebraska.  Defendant Crete may be served by serving its registered agent, National Registered Agents, Inc., at 120 South Central Avenue, Clayton, Missouri, 63105.

5.      Defendant Crete conducts motor carrier operations pursuant to USDOT number 73705, and is classified as a for hire interstate motor carrier by the Federal Motor Carrier Safety Administration to carry general freight, building materials, fresh produce, meat, refrigerated food, beverages and paper products.

6.      Pursuant to R.S.Mo. §506.210, Defendant Crete's use and operation of a motor vehicle or trailer on the public highways of the State of Missouri is deemed as an agreement to be subject to the jurisdiction of the courts of this State in all civil actions and proceedings brought against it.  Further, pursuant to R.S.Mo. § 506.500 and Mo. R. Civ. P. 54.06, Defendant Crete is subject to personal jurisdiction in that it transacts business within the State of Missouri and committed tortious acts within the State of Missouri, resulting in injuries to Plaintiff.

7.      Venue and jurisdiction are proper pursuant to R.S.Mo. § 508.010 because Plaintiff was injured in Phelps County, Missouri by the wrongful acts and/or negligent conduct of Defendants alleged herein.

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

**ALLEGATIONS APPLICABLE TO MORE THAN ONE COUNT**

8. On June 7, 2020, Interstate 44 near the 172.0 mile marker consisted of 3 westbound lanes.

9. At approximately 4:37 p.m. on June7, 2020, Defendant Comer was operating a 2019 Freightliner semi-truck (VIN: 1FUJHHDR7KLK34030) to which a 2014 Wabash trailer was attached (VIN: 1JJV532D8EL795448) (hereinafter "Semi-Truck"), driving westbound in the middle lane of Interstate 44 at approximately the 172.0 mile marker in Phelps County, Missouri.

10. At that time, the Semi-Truck was being operated in motor carrier operations conducted by Defendant Crete.

11. Defendant Crete is and, at all relevant times, was "a motor carrier" and "employer" of drivers of "commercial motor vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations, and is, therefore, subject to such rules and regulations, as well as the rules and regulations applicable to motor carrier operations adopted, modified, or established by Missouri law.

12. At said time and place, Plaintiff was operating a 2008 GMC Sierra pickup (VIN: 1GTHK29U25E116003) (hereinafter "Sierra") driving westbound in the left lane of Interstate 44 at approximately the 172.0 mile marker in Phelps County, Missouri, east of the Semi-Truck.

13. At said time and place, Defendant Comer drove the Semi-Truck from the middle lane of Interstate 44 into the left land of Interstate 44, at a time that Plaintiff's Sierra was occupying the left lane.

14. Plaintiff was unable to avoid the Semi-Truck that was encroaching upon his lane of traffic, and the front of the Sierra struck the rear of the Semi-Truck (hereinafter the "Subject

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

Collision").

15.    As a result of the Subject Collision, Plaintiff suffered severe injuries, including injuries to his head and back, as well as physical pain, and emotional suffering.

16.    At all times relevant herein, including the time of the Subject Collision:

a.   Defendant Crete owned, leased or rented the Semi-Truck;

b.   Defendant Comer owned, leased, rented or permissively used the Semi-Truck; and/or

c.   Defendant Comer operated and/or utilized the Semi-Truck in the motor carrier operations of Defendant Crete.

17.    At all times relevant herein, including the time of the Subject Collision:

a. Defendant Comer was the actual, apparent and ostensible agent, servant and employee of Defendant Crete;

b. Defendant Comer was operating the Semi-Truck for his own interests and for his own profitable benefit;

c. Defendant Comer was operating the Semi-Truck for the interests and profitable benefit of Defendant Crete;

d. Defendant Comer was operating the Semi-Truck for the benefit and on behalf of Defendant Crete in the course and scope of his employment, agency and servitude with Defendant Crete;

e. Defendant Comer was operating the Semi-Truck to serve the interests of Defendant Crete pursuant to an express or implied agreement between Defendant Comer and Defendant Crete;

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

f. Defendant Crete had the right to control the conduct of Defendant Comer;

g. Defendant Comer was operating the Semi-Truck for a single business enterprise for profit, for which purpose Defendant Crete and Defendant Comer combined their property, money, effects, skills and knowledge;

j. Defendant Comer was operating the Semi-Truck wherein Defendant Crete and Defendant Comer each held a community of interest in accomplishing a common business purpose; and/or

k. The Subject Collision occurred during and in furtherance of a joint venture and agreement between Defendant Crete and Defendant Comer, wherein each had a right of control and right to share in the profits of the joint venture, and each had a duty to share in any losses that may be sustained as a result of the joint venture.

18. Defendants each caused or contributed to cause severe injuries sustained by Plaintiff, and as such, the independent acts and/or omissions of Defendants resulted in indivisible injuries to Plaintiff. As a result, Defendants are jointly and severally liable for the injuries to Plaintiff.

**COUNT I – NEGLIGENCE**
**(ALL DEFENDANTS)**

19. Plaintiff hereby incorporates by reference the above paragraphs of this Petition, as if fully set forth herein.

20. In operating the Semi-Truck upon a highway or road in Missouri, Defendant Comer and Defendant Crete owed others, including Plaintiff, a duty of care.

21. Defendant Comer and Defendant Crete breached their duty of care, and were

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

thereby negligent in at least the following respects:

    a.   Defendant Comer failed to yield the right of way;

    b.   Defendant Comer failed to keep a careful lookout;

    c.   Defendant Comer failed to notify or warn of his intention to change lanes;

    d.   Defendant Comer knew, or should have known, that there was a reasonable likelihood of collision in such time as to stop, swerve, slacken speed, and/or sound a warning, but failed to do so;

    e.   Defendant Comer allowed the Semi-Truck to reach an unsafe distance of travel with the Sierra;

    f.   Defendant Comer failed to maintain control of the Semi-Truck;

    g.   Defendant Comer was inattentive in his driving of the Semi-Truck;

    h.   Defendant Comer was distracted while driving the Semi-Truck;

    i.   Defendant Comer operated the Semi-Truck while his ability and/or alertness was so impaired, or so likely to become impaired, through fatigue, illness or other cause, as to make it unsafe for him to operate the Semi-Truck;

    j.   Defendant Comer drove the Semi-Truck at a time that his visibility was impaired to the extent he could not stop, swerve, slacken speed and/or sound a warning, so as to avoid a collision with the Sierra;

    k.   Defendant Comer failed to exercise the requisite care in operating the Semi-Truck;

    l.   Defendant Comer failed to follow the Rules of the Road in Missouri;

    m.  Defendant Comer drove the Semi-Truck at a time that its parts, accessories and

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

equipment were not in good working order; and/or

n.   The Semi-Truck operated by Defendant Comer collided with the Sierra.

22.   Defendant Crete is vicariously liable for the negligent acts and/or omissions of Defendant Comer, in that Defendant Crete was acting by and through Defendant Comer as its agent, servant, and/or employee at the time that Defendant Comer engaged in such negligent acts and/or omissions.

23.   As a direct and proximate result of the negligent acts and/or omissions of Defendant Comer and of Defendant Crete, acting by and through Defendant Comer, Plaintiff suffered severe injuries and damages, including, but not limited to: past, present and future physical pain and emotional suffering;  past, present and future medical care, hospitalization and treatment; past and present wage loss and impairment to future earning capacity; and impairment of health, strength and vitality.

24.   The conduct of Defendant Comer and Defendant Crete showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, jointly and severally, for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendants and deter Defendants and others from engaging in like conduct, for costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

**COUNT II – NEGLIGENCE *PER SE***
**(ALL DEFENDANTS)**

25. Plaintiff hereby incorporates by reference the above paragraphs of this Petition, as if fully set forth herein.

26. The Subject Collision and the injuries and damages described herein are the direct and proximate result of Defendant Comer and/or Defendant Crete's violations of statutory and regulatory authority, including Part 390 *et seq.* of the Federal Motor Carriers Safety Regulations, as well as the rules and regulations applicable to motor carrier operations adopted, modified or established by Missouri law, in at least the following respects:

a. Defendant Comer failed to operate his vehicle in a careful and prudent manner, and failed to exercise the highest degree of care, in violation of R.S.Mo. § 304.012;

b. Defendant Comer drove the Semi-Truck in violation of R.S.Mo. § 304.014, in that he failed to observe and comply with the Rules of the Road;

c. Defendant Comer drove the Semi-Truck in violation of R.S.Mo. § 304.015, in that he failed to drive the Semi-Truck within a single lane and moved from his lane of travel before he first ascertained that such movement could be made with safety;

d. Defendant Comer drove the Semi-Truck in violation of R.S.Mo. § 304.019, in that he moved from his lane of travel before he first ascertained that such movement could be made with safety and without giving an appropriate signal;

e. Defendant Comer failed to operate the Semi-Truck in a careful and prudent manner and failed to exercise the highest degree of care, in violation of 49 C.F.R. § 392.3, in that he drove the Semi-Truck at a time when his ability or alertness was so impaired through fatigue, illness, or another cause, as to make it unsafe for him to begin or continue to

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

operate the Semi-Truck; and/or

f.   Defendant Comer failed to operate the Semi-Truck in a careful and prudent manner and failed to exercise the highest degree of care, in violation of 49 C.F.R. § 393.9, in that he drove the Semi-Truck at a time when its parts, accessories and equipment were not in good working order and/or he failed to make use of necessary parts, accessories and equipment.

27.    The above-referenced statutes and regulations were enacted and intended to protect Missouri motorists, passengers, and pedestrians from the dangerous operation of vehicles.

28.    At the time of the violations alleged above, Plaintiff was a motorist operating a vehicle on a Missouri roadway, and thus, belonged to the class of persons that these statutes and regulations were enacted and intended to protect.

29.    The above-referenced violations of statues and regulations were a direct and proximate cause of the Subject Collision.

30.    Defendant Crete is vicariously liable for the violations of Defendant Comer, in that Defendant Crete was acting by and through Defendant Comer as its agent, servant, and employee at the time that Defendant Comer engaged in such negligent acts and/or omissions.

31.    Defendant Crete is independently liable for the violations listed above pursuant to the Federal Motor Carrier Safety Regulations and the Missouri regulatory scheme.

32.    As a direct and proximate result of the violations of Defendant Comer and of Defendant Crete, acting by and through Defendant Comer, Plaintiff suffered severe injuries and damages, including, but not limited to: past, present and future physical pain and emotional suffering;  past, present and future medical care, hospitalization and treatment; past and present

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

wage loss and impairment to future earning capacity; and impairment of health, strength and vitality.

33. The violations by Defendant Comer and Defendant Crete, acting by and through Defendant Comer, showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, jointly and severally, for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendants and deter Defendants and others from engaging in like conduct, for costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION AND ENTRUSTMENT (DEFENDANT CRETE)**

34. Plaintiff hereby incorporates by reference the above paragraphs of this Petition, as if fully set forth herein.

35. Pursuant to Parts 390 *et seq.* of the Federal Motor Carriers Safety Regulations, as well as the rules and regulations applicable to motor carrier operations adopted, modified or established by Missouri law, Defendant Crete owes and owed the general public, including Plaintiff, a continuing duty to supervise Defendant Comer and investigate and monitor Defendant Comer's ability, fitness and qualifications to operate a commercial motor vehicle in interstate commerce.

36. Defendant Crete breached its duty of care, and was negligent in at least the

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

following respects:

a. Defendant Crete failed to determine that Defendant Comer lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment or contracting with Defendant Crete;

b. Defendant Crete failed to provide adequate and sufficient training to Defendant Comer such that he could obtain the requisite ability, fitness and qualifications to operate the Semi-Truck;

c. Defendant Crete failed to determine that Defendant Comer lacked the requisite ability, fitness and qualifications to operate a commercial vehicle between the time of his first employment or contracting with Defendant Crete and the Subject Collision;

d. Defendant Crete failed to ensure that Defendant Comer possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations and Missouri's regulatory scheme so as to be in a position to comply with said regulatory schemes and safely operate the Semi-Truck;

e. Defendant Crete failed to monitor the activities of Defendant Comer so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations and/or Missouri's regulatory scheme;

f. Defendant Crete entrusted and allowed Defendant Comer to operate the Semi-Truck at a time when it knew, or should have known, that he lacked the requisite ability, fitness and qualifications to safely operate the Semi-Truck at the time of the Subject Collision; and/or

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

g. Defendant Crete entrusted and allowed Defendant Comer to operate the Semi-Truck at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations and/or Missouri's regulatory scheme so as to safely operate the Semi-Truck.

37. As a direct and proximate result of the negligent acts and/or omissions of Defendant Crete, Plaintiff suffered severe injuries and damages, including, but not limited to: past, present and future physical pain and emotional suffering; past, present and future medical care, hospitalization and treatment; past and present wage loss and impairment to future earning capacity; and impairment of health, strength and vitality.

38. The conduct of Defendant Crete showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendant Crete and deter Crete and others from like conduct.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant Crete for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendant Crete and deter Defendant Crete and others from engaging in like conduct, for costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT IV – NEGLIGENCE *PER SE***
**(DEFENDANT CRETE)**

39. Plaintiff hereby incorporates by reference the above paragraphs of this Petition, as if fully set forth herein.

40. The Subject Collision and the injuries and damages described herein are the direct and proximate result of Defendant Crete's violations of Part 390 *et seq.* of the Federal Motor

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

Carriers Safety Regulations, as well as the rules and regulations applicable to motor carrier operations adopted, modified or established by Missouri law, in at least the following respects:

a. Defendant Crete failed to determine that Defendant Comer lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment or contracting with Defendant Crete;

b. Defendant Crete failed to provide adequate and sufficient training to Defendant Comer such that he could obtain the requisite ability, fitness and qualifications to operate the Semi-Truck;

c. Defendant Crete failed to determine that Defendant Comer lacked the requisite ability, fitness and qualifications to operate a commercial vehicle between the time of his first employment or contracting with Defendant Crete and the Subject Collision;

d. Defendant Crete failed to ensure that Defendant Comer possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations and Missouri's regulatory scheme so as to be in a position to comply with said regulatory schemes and safely operate the Semi-Truck;

e. Defendant Crete failed to monitor the activities of Defendant Comer so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations and/or Missouri's regulatory scheme;

f. Defendant Crete entrusted and allowed Defendant Comer to operate the Semi-Truck at a time when it knew, or should have known, that he lacked the requisite ability, fitness and qualifications to safely operate the Semi-Truck at the time

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

of the Subject Collision; and/or

g. Defendant Crete entrusted and allowed Defendant Comer to operate the Semi-Truck at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations and/or Missouri's regulatory scheme so as to safely operate the Semi-Truck.

41. The above-referenced federal and state regulations were enacted and intended to protect motorists, passengers, and pedestrians from the dangerous operation of vehicles.

42. At the time of the violations alleged above, Plaintiff was a motorist operating a vehicle on a Missouri roadway and thus belonged to the class of persons that these regulations were enacted and intended to protect.

43. The above-referenced violations of the federal and/or state regulations were a direct and proximate cause of the Subject Collision.

44. Defendant Crete is liable for the violations listed above pursuant to Part 390 *et seq.* of the Federal Motor Carrier Safety Regulations and Missouri's regulatory scheme.

45. As a direct and proximate result of the violations of Defendant Crete, Plaintiff suffered severe injuries and damages, including, but not limited to: past, present and future physical pain and emotional suffering; past, present and future medical care, hospitalization and treatment; past and present wage loss and impairment to future earning capacity; and impairment of health, strength and vitality.

46. The violations by Defendant Crete showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendant Crete and deter Defendant Crete and others from like

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant Crete for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendant Crete and deter Defendant Crete and others from engaging in like conduct, for the costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants for a reasonable sum of damages in excess of $25,000 as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendants and deter Defendants and others from engaging in like conduct, for costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all allegations, claims and causes of action asserted herein.

Respectfully submitted,

**LANGDON & EMISON LLC**

*/s/ David A. Brose*

David A. Brose, MO# 56244
Michael J. Serra, MO #63237
911 Main Street
P. O. Box 220
Lexington, Missouri 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
david@lelaw.com
mserra@lelaw.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

**IN THE CIRCUIT COURT FOR PHELPS COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JOSEPH WINE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RICHARD COMER,**<br>**Serve: 610 Rinehart Road**<br>**Lake Mary, FL 32746**<br><br>**and**<br><br>**CRETE CARRIER CORPORATION,**<br>**Serve: Registered Agent**<br>**National Registered Agents, Inc.**<br>**120 South Central Avenue**<br>**Clayton, MO 63105**<br><br>**Defendants.** | ) | **Civil Action No. ____________________**<br><br>**JURY TRIAL DEMANDED,** |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVERS**

COMES NOW Plaintiff in the above captioned matter and for his Motion for Approval and Appointment of Private Process Servers, pursuant to the Local Rule(s) of the Circuit Court of Phelps County, Missouri, states to the Court as follows:

The Petitioner/Plaintiff requests that the following individuals be approved and appointed to serve process in this case to defendants:

1. Curtis Martin
2. John Peschau

WHEREFORE, Plaintiff moves this court to appoint Curtis Martin, and John Peschau as special process servers for the purpose of serving defendants in this case.

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

Respectfully submitted,

**LANGDON & EMISON LLC**

*/s/ David A. Brose*

David A. Brose, MO# 56244
Michael J. Serra, MO #63237
911 Main Street
P. O. Box 220
Lexington, Missouri 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
david@lelaw.com
mserra@lelaw.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

**IN THE CIRCUIT COURT FOR PHELPS COUNTY, MISSOURI**

**JOSEPH WINE,** )
)
**Plaintiff,** )
)
**v.** ) **Civil Action No. ____________________**
)
**RICHARD COMER,** ) **JURY TRIAL DEMANDED,**
**Serve: 610 Rinehart Road** )
**Lake Mary, FL 32746** )
)
**and** )
)
**CRETE CARRIER CORPORATION,** )
**Serve: Registered Agent** )
**National Registered Agents, Inc.** )
**120 South Central Avenue** )
**Clayton, MO 63105** )
)
**Defendants.** )

**ORDER APPOINTING PRIVATE PROCESS SERVERS**

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of Private Process Servers is GRANTED and Curtis Martin and Joshua Peschau are hereby approved and appointed to serve process in the above captioned matter to any named defendants.

____________________ ________________________________________
DATE JUDGE

Electronically Filed - Phelps - November 12, 2020 - 04:45 PM

IN THE CIRCUIT COURT FOR PHELPS COUNTY, MISSOURI

FILED
Thursday, November 12, 2020
SUE BROWN, CIRCUIT CLERK
PHELPS COUNTY, MO

**JOSEPH WINE,**

**Plaintiff,**

**v.**

**RICHARD COMER,**
**Serve: 610 Rinehart Road**
**Lake Mary, FL 32746**

**and**

**CRETE CARRIER CORPORATION,**
**Serve: Registered Agent**
**National Registered Agents, Inc.**
**120 South Central Avenue**
**Clayton, MO 63105**

**Defendants.**

**Civil Action No. ____________________**

**JURY TRIAL DEMANDED,**

**ORDER APPOINTING PRIVATE PROCESS SERVERS**

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of Private Process Servers is GRANTED and Curtis Martin and Joshua Peschau are hereby approved and appointed to serve process in the above captioned matter to any named defendants.

*Thursday, November 12, 2020*
DATE

*SUE BROWN CIRCUIT CLERK /s/*
*BY LINDA NEWTON, DEPUTY CLERK*
JUDGE / CLERK

# IN THE 25TH JUDICIAL CIRCUIT, PHELPS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOHN D BEGER | **Case Number: 20PH-CV01444** | FILED<br>Friday, November 13, 2020<br>SUE BROWN, CIRCUIT CLERK<br>PHELPS COUNTY, MO |
| Plaintiff/Petitioner:<br>JOSEPH WINE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ALLEN BROSE<br>LANGDON & EMISON<br>911 MAIN STREET<br>PO BOX 220<br>LEXINGTON, MO 64067 | |
| Defendant/Respondent:<br>RICHARD COMER | Court Address:<br>200 N MAIN, SUITE 201<br>COURTHOUSE 2ND FLOOR<br>ROLLA, MO 65401 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

## Summons in Civil Case

**The State of Missouri to: CRETE CARRIER CORPORATION**
**Registered Agents**

**National Registered Agents, Inc**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO 63105**

***COURT SEAL OF***

***PHELPS COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

***Friday, November 13, 2020***
Date

*SUE BROWN CIRCUIT CLERK /s/*
*BY LINDA NEWTON, DEPUTY CLERK*
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ______________________________, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: ______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ____________________ (County/City of St. Louis), MO, on ______________ (date) at __________ (time).

______________________________ Printed Name of Sheriff or Server

______________________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $__________ |
| Non Est | $__________ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $__________ (______ miles @ $.______ per mile) |
| **Total** | **$__________** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 25TH JUDICIAL CIRCUIT, PHELPS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOHN D BEGER | **Case Number: 20PH-CV01444** | **FILED**<br>**Friday, November 13, 2020**<br>**SUE BROWN, CIRCUIT CLERK**<br>**PHELPS COUNTY, MO** |
| Plaintiff/Petitioner:<br>JOSEPH WINE<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID ALLEN BROSE<br>LANGDON & EMISON<br>911 MAIN STREET<br>PO BOX 220<br>LEXINGTON, MO 64067 | |
| Defendant/Respondent:<br>RICHARD COMER | Court Address:<br>200 N MAIN, SUITE 201<br>COURTHOUSE 2ND FLOOR<br>ROLLA, MO 65401 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
**(Except Attachment Action)**

**The State of Missouri to:** **RICHARD COMER**
**Alias:**

**610 RINEHART ROAD**
**LAKE MARY, FL 32746**

***COURT SEAL OF***
CIRCUIT COURT OF MISSOURI MDCCCXX
***PHELPS COUNTY***

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***Friday, November 13, 2020*** — Date

***SUE BROWN CIRCUIT CLERK /s/***
***BY LINDA NEWTON, DEPUTY CLERK*** — Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________________ County, ________________ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ______________________, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________________ County, ________________ (state), on ______________ (date) at ____________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Subscribed and sworn to** before me this ___________ (day) ______________ (month) _________ (year).

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________ Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $__________________ |
| Non Est | $__________________ |
| Mileage | $__________________ (______________ miles @ $ _______ per mile) |
| **Total** | **$__________________** |

**See the following page for directions to officer making return on service of summons.**

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Phelps - November 17, 2020 - 03:06 PM

**IN THE 25TH JUDICIAL CIRCUIT, PHELPS COUNTY, MISSOURI**

| | | |
|---|---|---|
| Judge or Division: JOHN D BEGER | **Case Number: 20PH-CV01444** | **FILED** **Friday, November 13, 2020** **SUE BROWN, CIRCUIT CLERK PHELPS COUNTY, MO** |
| Plaintiff/Petitioner: JOSEPH WINE vs. | Plaintiff's/Petitioner's Attorney/Address DAVID ALLEN BROSE LANGDON & EMISON 911 MAIN STREET PO BOX 220 LEXINGTON, MO 64067 | |
| Defendant/Respondent: RICHARD COMER | Court Address: 200 N MAIN, SUITE 201 COURTHOUSE 2ND FLOOR ROLLA, MO 65401 | (Date File Stamp) |
| Nature of Suit: CC Pers Injury-Vehicular | | |

## Summons in Civil Case

**The State of Missouri to:** **CRETE CARRIER CORPORATION**
**Registered Agents**

**National Registered Agents, Inc**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO 63105**

***COURT SEAL OF***
CIRCUIT COURT OF MISSOURI
***PHELPS COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

***Friday, November 13, 2020***
Date

*SUE BROWN CIRCUIT CLERK /s/*
*BY LINDA NEWTON, DEPUTY CLERK*
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ________, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: **Amanda Brandon** (name) **Intake Specialist** (title).

☐ other: ________.

Served at **120 South Central Ave, Clayton, MO 63105** (address)

in **St. Louis County** (County/City of St. Louis), MO, on **11/16/2020** (date) at **3:04 pm** (time).

**Curtis Martin**
Printed Name of Sheriff or Server

Curtis Martin
Signature of Sheriff or Server

DONETTE VICK
Notary Public - Notary Seal
STATE OF MISSOURI
Johnson County
Commission # 14516256
My Commission Expires: 4-14-2022

(Seal)

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on Nov. 17, 2020 (date).

My commission expires: 4-14-2022
Date

Donette Vick
Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $______ (____ miles @ $.____ per mile) |
| **Total** | $______ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.